UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2018 MAR 12 PM 1:10

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN EAGLE AUTOMOTIVE LIMITED LIABILITY COMPANY, d/b/a LOMAN AUTO SALES AND SERVICE and AMERICAN EAGLE AUTOMOTIVE LLC, JOHN J. LOMAN, DAVID B. LOMAN, and CAROL A. LOMAN, <br><br> Defendants. | Cause No. <br><br> **1 18-cv- 0786 TWP -TAB** |

## NOTICE OF REMOVAL

The Defendants, American Eagle Automotive Limited Liability Company, d/b/a Loman Auto Sales and Service and American Eagle Automotive LLC, John J. Loman, David B. Loman, and Carol A. Loman (hereinafter referred to collectively as the "Defendants"), hereby remove the above-captioned action from the Hamilton County Superior Court of the State of Indiana to the United States District Court for the Southern District of Indiana (Indianapolis Division), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of the within Notice of Removal, Defendants state as follows:

### I.   BACKGROUND

1. On February 6, 2018, the Plaintiff, NextGear Capital, Inc. (hereinafter referred to as the "Plaintiff"), filed a Complaint in the Hamilton County Superior Court of the State of Indiana captioned *NextGear Capital, Inc. v. American Eagle Automotive Limited Liability*

*Company, d/b/a Loman Auto Sales and Service and American Eagle Automotive LLC, and John J. Loman, David B Loman, Carol A Loman*, No. 29D02-1802-CC-001102. Defendants each received a summons with respect to this action on or about February 20, 2018. A copy of the Complaint is attached hereto and made a part hereof as **Exhibit A**, and the respective Summonses are attached hereto and made a part hereof as **Exhibit B**.

2. Plaintiff's Complaint alleges four claims for relief: (1) breach of contract; (2) breach of guaranty against the Defendant, John J. Loman; (3) breach of guaranty against the Defendant, David B. Loman; and, (4) breach of guaranty against the Defendant, Carol A. Loman.

## II.   DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332

3. This Court has jurisdiction over this action, and Defendants may properly remove to this Court, because there exists complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1332(a), 1441(a).

### A.   Diversity of Citizenship

4. For purposes of determining diversity, an individual is deemed to be a citizen of his or her state of domicile, and a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016).

5. The plaintiff in this action, NextGear Capital, Inc., is a Delaware corporation and has its principal place of business in the state of Indiana. *See* Exh. A at ¶ 1. Plaintiff is, therefore, a citizen of Delaware and Indiana.

6. The defendant, American Eagle Automotive Limited Liability Company, d/b/a Loman Auto Sales and Service and American Eagle Automotive LLC (hereinafter referred to as "Dealer"), is a New Jersey limited liability company and has its principal place of business in the state of New Jersey. Dealer is, therefore, a citizen of New Jersey.

7. The defendants, John J. Loman, David B. Loman, and Carol A. Loman (hereinafter referred to collectively as the "Individual Defendants"), are citizens of the state of New Jersey.

8. Since Plaintiff is a citizen of Delaware and Indiana, and Defendants are citizens of New Jersey, there is complete diversity among all of the parties.

### B.  Amount in Controversy

9. The amount in controversy exceeds $75,000.00. *See* Exh. A at ¶ 16.

10. Plaintiff seeks to recover $132,047.96, exclusive of attorney's fees and costs, from Dealer and/or the Individual Defendants, who executed personal guarantees in connection with the Demand Promissory Note and Loan and Security Agreement (hereinafter referred to as the "Note"), which Dealer entered into with Plaintiff on or about March 20, 2013.

11. Although Plaintiff asserts that the Note "grants the courts of Hamilton County, Indiana jurisdiction over all matters arising under the Note" (Exh. A at ¶ 6), Defendants believe that the venue for the within action should be laid in the United States District Court for the District of New Jersey (Newark Vicinage), because Plaintiff's chosen forum imposes an extraordinary burden on Defendants and, as a result, Defendants intend to move this Court to transfer the matter to New Jersey based upon, *inter alia*, the grounds of forum non conveniens and/or improper venue.

12. In addition, Defendants did not have the opportunity to retain counsel to review the Note prior to executing same, such that Defendants were not aware of the majority of the

provisions therein, including but not limited to the forum clause which Plaintiff has cited as its basis for venue.

13. As a result, more than $75,000.00 is in controversy in the within matter, exclusive of interest, and attorney's fees and costs; and, therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

### III. COMPLIANCE WITH REMOVAL PROCEDURES

14. Venue is proper in the United States District Court for the Southern District of Indiana (Indianapolis Division) because it is the federal judicial district and division encompassing the Hamilton County Superior Court of the State of Indiana, where this matter was originally filed. 28 U.S.C. § 1441(a).

15. Removal is timely because Defendants filed the within Notice of Removal within thirty days of their receipt of the Complaint. 28 U.S.C. § 1446(b).

16. None of "the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Plaintiff pleads four claims for relief against Defendants, none of who are citizens of Indiana. Exh. A at ¶¶ 19-45.

17. Pursuant to 28 U.S.C. § 1446(d), Defendants will provide Plaintiff with written notice of the filing of the within Notice of Removal and file a copy of the Notice of Removal with the Clerk of the Hamilton County Superior Court of the State of Indiana.

18. Pursuant to 28 U.S.C. § 1446(a), Defendants have attached copies of all process, pleadings, and orders received as Exhibits A and B.

### IV. NON-WAIVER OF DEFENSES

19. Defendants remove this matter subject to and without waiver of any challenges that they may have as to personal jurisdiction, proper venue, or any other claims or defenses that

may be available, all of which are expressly reserved.

20. By removing this action, Defendants do not admit any of the allegations in the Complaint.

21. Defendants respectfully reserve the right to amend or supplement this Notice of Removal as may be appropriate.

### V. CONCLUSION

WHEREFORE, Defendants hereby remove this action from the Hamilton County Superior Court of the State of Indiana to the United States District Court for the Southern District of Indiana (Indianapolis Division), and respectfully request that this Court enter such other and further orders as may be necessary to accomplish the requested removal.

DATED: March 9, 2018

Respectfully submitted,

KRIDEL LAW GROUP

By: _____
James A. Kridel, Jr., Esq. (*pro hac vice* forthcoming)
1035 Route 46 East
Suite B-204
Clifton, New Jersey 07013
(973) 470-0800 – Telephone
(973) 472-1902 – Facsimile
law@kridel.com – Email
*Attorneys for Defendants American Eagle Automotive Limited Liability Company, d/b/a Loman Auto Sales and Service and American Eagle Automotive LLC, John J. Loman, David B. Loman, and Carol A. Loman*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been served electronically upon the following counsel of record via certified mail, return receipt requested, and regular mail this 9th day of March, 2018:

> Michael G. Gibson, Esq.
> NextGear Capital, Inc.
> 1320 City Center Drive
> Suite 100
> Carmel, Indiana 46032
>
> Amanda D. Stafford, Esq.
> NextGear Capital, Inc.
> 1320 City Center Drive
> Suite 100
> Carmel, Indiana 46032

DATED: March 9, 2018

Respectfully submitted,

KRIDEL LAW GROUP

By: _____
James A. Kridel, Jr., Esq. (*pro hac vice* forthcoming)
1035 Route 46 East
Suite B-204
Clifton, New Jersey 07013
(973) 470-0800 – Telephone
(973) 472-1902 – Facsimile
law@kridel.com – Email
*Attorneys for Defendants American Eagle Automotive Limited Liability Company, d/b/a Loman Auto Sales and Service and American Eagle Automotive LLC, John J. Loman, David B. Loman, and Carol A. Loman*