UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.: 1:18-cv-00786-TWP-TAB |
| | ) |
| AMERICAN EAGLE AUTOMOTIVE LIMITED | ) |
|    LIABILITY COMPANY | ) |
|    d/b/a LOMAN AUTO SALES AND SERVICE, | ) |
| AMERICAN EAGLE AUTOMOTIVE LLC, | ) |
| JOHN J. LOMAN, | ) |
| DAVID B. LOMAN, and | ) |
| CAROL A. LOMAN, | ) |
| | ) |
| Defendants. | ) |

**CASE MANAGEMENT PLAN**

**I.     Parties and Representatives**

    A.    Plaintiff:    NextGear Capital, Inc.

            Defendants:    American Eagle Automotive Limited Liability Company d/b/a
Loman Auto Sales and Service
American Eagle Automotive LLC
John J. Loman
David B. Loman
Carol A. Loman

    B.    Plaintiff's Counsel:    Michael G. Gibson
NextGear Capital, Inc.
1320 City Center Drive, Suite 100
Carmel, IN  46032
Ph. (317) 660-2507/Fax (855) 836-8799
Michael.gibson2@coxautoinc.com

            Defendants' Counsel:    James A. Kridel, Jr.
Kridel Law Group
1035 Route 46 East, Suite B-204
Clifton, NJ  07013
Ph. (973) 470-0800/Fax (973) 472-1902
law@kridel.com

       Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.**    **Jurisdiction and Statement of Claims**

    A.    The Court has diversity subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 as the Plaintiff and Defendants are businesses and/or citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

    B.    The Plaintiff filed a Complaint seeking damages for breach of contract and breach of guaranties against the Defendants pursuant to a secured Demand Promissory Note and Loan and Security Agreement, which Defendants have defaulted on.

    C.    The Defendants deny the allegations asserted by Plaintiff and will be filing their Answer and Affirmative Defenses and subsequent Motion to Transfer based upon Forum non conveniens.

**III.**    **Pretrial Pleadings and Disclosures**

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **July 12, 2018**.

    B.    Plaintiff shall file preliminary witness and exhibit lists on or before **July 19, 2018**.

    C.    Defendants shall file preliminary witness and exhibit lists on or before **July 26, 2018.**

    D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **August 13, 2018**.

    E.    Plaintiff shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **August 13, 2018**. Defendants shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the demand.

    F.    Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **March 12, 2019**.  Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **April 11, 2019**; or if Plaintiff has disclosed no experts, Defendants shall make their expert disclosure on or before **April 12, 2019**.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than **90 days prior** to the dispositive motion deadline. If such expert disclosures are served the parties shall confer **within 7 days** to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than **120 days prior to trial.** Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **May 13, 2019**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. <u>Discovery of electronically stored information ("ESI")</u>.

The parties do *not* believe there will be a substantial volume of ESI produce in this case. If Plaintiff requests discovery, it will seek, *inter alia*, production of (1) bills of sale pertaining to all of the vehicles at issue in this case, (2) "deal jackets" (i.e. all state mandated documents required to be maintained by an automotive dealer), and (3) payment records, as well as admissions, interrogatory responses, and deposition testimony from the Dealer's principals and guarantors. If Defendants request discovery, they will seek, *inter alia*, production of payment and receipt records including all auction and/or sales by Plaintiff documents, admissions, interrogatory responses, deposition testimony from individuals dealing with Defendants regarding the transition of cars to Plaintiff and records thereafter.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make

any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV. Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Plaintiff expects to file a motion for summary judgment on the grounds that the case involved contractual interpretation and the non-payment of loans, and is therefore the type of dispute that can easily be resolved by summary judgment.

B. On or before **January 21, 2019**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

    X     Track 2: Dispositive motions are expected and shall be filed by **February 12, 2019**; non-expert witness discovery and discovery relating to liability issues shall be completed by **January 14, 2019**; expert witness discovery and discovery relating to damages shall be completed by **June 12, 2019**. All remaining discovery shall be completed by no later than 16 months from **July 12, 2019**. [Note:

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

> The Court expects this will be the typical track when dispositive motions are anticipated.]
>
> <u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

## V.  Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in December 2018.**

## VI.  Trial Date

The parties request a trial date in **August 2019**. The trial is by Court and is anticipated to take a **1 day**. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

## VII.  Referral to Magistrate Judge

A.  **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial. [This section should be marked in the affirmative only if all parties consent. Do not indicate if some parties consent and some do not. Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial. It is not necessary to file a separate consent. Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

B.  **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**VIII.   Required Pre-Trial Preparation**

    A.   **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.   File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

        2.   Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.   Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.   A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a.   brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

            b.   if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

        5.   Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

        6.   Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.     Other Matters

The parties do not believe any other scheduling matters need to be brought to the Court's attention at this time.

Have Seen and Agreed:

| | |
|---|---|
| /s/ Michael G. Gibson | /s/ James A. Kridel, Jr. |
| NextGear Capital, Inc. | Kridel Law Group |
| 1320 City Center Drive, Suite 100 | 1035 Route 46 East, Suite B-204 |
| Carmel, IN  46032 | Clifton, NJ  07013 |
| Ph. (317) 660-2507/Fax (317) 571-3737 | Ph. (973) 470-0800/Fax (973) 472-1902 |
| Michael.gibson2@coxautoinc.com | law@kridel.com |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ☐ | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| ☐ | APPROVED AS SUBMITTED. |
| ☐ | APPROVED AS AMENDED. |
| ☐ | APPROVED AS AMENDED PER SEPARATE ORDER. |
| ☐ | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| ☐ | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| ☐ | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT \_\_\_\_.M., ROOM _____. |
| ☐ | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (\_\_\_\_) _____; |
| ☐ | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

_____                             _____
Date                                                                                  U. S. District Court
                                                                                           Southern District of Indiana